## LUTHER CHAFFEE *v.* RICHARD COX.

N. sold boots and shoes to the wife and children of the defendant, for which this action was brought by N.'s assignee. The answer set up a counter-claim for a cemetery lot sold to N. by the defendant's wife. The evidence showed that the defendant's wife had sold to N. a certificate which entitled him to a deed of a lot in the C. H. Cemetery, that he obtained upon the certificate such a deed from the company owning the cemetery, and took possession under it. There was also some evidence of an agreement between him and the defendant's wife, that he should pay for the lot, one half in boots and shoes; *Held:*

1. That this did not constitute a good counter-claim in the action against the de-

fendant by the plaintiff's assignor. It was neither in favor of the defendant nor against the plaintiff.

2. That though it was not admissible to establish a counter-claim, it was admissible for the purpose of showing that the goods were delivered to the defendant's wife, in payment of moneys owing to her by N., and that no liability was ever incurred on the part of the defendant to pay for them.

3. That under the loose system of oral pleadings allowed in justices' courts this evidence was admissible in such a court, under an answer which set up the facts as a counter-claim.

4. That it was immaterial whether the defendant's wife gave to N. a strictly legal transfer for the lot, provided he obtained, upon the certificate given to him, possession of the property and a sufficient deed thereof.

Parol proof of the commencement and trial of a former suit is admissible; but *it seems* not evidence of matters that would appear in the pleadings.

A witness, in testifying to a conversation, will not be required to give the precise words used. He may be allowed to state the substance merely.

A notice to the plaintiff, to produce a letter written by the defendant to the plaintiff's assignor, does not entitle the defendant to offer secondary evidence of its contents, upon the plaintiff's failure to comply with the requisition in the notice. He should subpœna the assignor to produce it. If it has been lost or destroyed, parol evidence of its contents may be given.

Whether the written rules of a company may be proved by parol? *Quere.*

APPEAL by plaintiff from a judgment of the Fourth District Court. This action was brought by plaintiff, as assignee of one Ward Newman, to recover thirty-nine dollars for a lot of boots and shoes sold and delivered to the wife of defendant. The defendant in his answer, in addition to the general denial, interposed a counter-claim or set-off for sixty-one dollars, for a lot in Cypress Hills Cemetery, alleged to have been sold by his wife to Ward Newman. The sale and delivery of the boots and shoes, and the assignment of the claim to the plaintiff, having been proved, the defendant called as a witness N. G. Palmer, superintendent of Cypress Hills Cemetery, who testified, subject to the objection of the plaintiff's counsel, that in May, 1851, Mr. Newman came to the cemetery, to select one of the lots belonging to the defendant's wife, who, it elsewhere appeared, was the widow of one Mr. Van Wyck, who had been a large owner in the cemetery. Mr. Palmer could not identify the lots without the certificates. In the following month Mr. Newman came

again, with the defendant and his wife. She brought with her about a dozen certificates. Mr. Newman selected a lot, and the corresponding certificate which was produced on the trial was given him by the defendant's wife. Mr. Newman took possession of the lot and obtained a deed from the company.

This evidence the plaintiff's counsel moved to strike out, upon the ground that in this action against the husband, for a debt due by him, a claim of the wife, upon the sale of her sole and separate property, could not be interposed as a counter-claim. The court denied the motion and the plaintiff's counsel excepted.

The defendant then called his daughter, who testified, that she heard a conversation in regard to a cemetery lot, between Mr. Newman and Mrs. Cox, in which Mr. Newman agreed to give for it one-half in shoes and one-half in money, and that she obtained shoes of Mr. Newman two or three times thereafter, for account of Mrs. Cox. It did not appear in that conversation what amount in all he agreed to give. The evidence as to the conversation was objected to, on the ground that the witness should not be permitted to state the substance of the conversation, but should be required to state it specifically and in detail. The objection was overruled and an exception was taken.

The defendant then offered in evidence a copy of a letter, written by him to Ward Newman, the assignor of the plaintiff, having previously given to the plaintiff notice to produce it upon the trial. The counsel for the plaintiff objected to the admission of the copy in evidence, and excepted to the ruling of the court admitting it.

The plaintiff called, in rebuttal, Edward Martin, who testified that he purchased a certificate of a lot in Cypress Hills Cemetery of Mr. Van Wyck, in his lifetime, which he subsequently passed to Mr. Newman, and Mr. Newman testified that the company refused the lot to him, without the indorsement of Mrs. Van Wyck, the defendant's wife, that he procured her indorsement upon it accordingly, and that she went with him to the cemetery to point out the lot. The number and description of this cer-

tificate, as described by the witnesses, did not correspond with that produced by the defendant. The defendant thereupon re- called the superintendent of the cemetery, who testified, that the rules of the cemetery provided for a forfeiture of lots for the nonpayment of moneys due upon them, and that the records of the cemetery showed that a lot belonging to Mr. Newman had been forfeited accordingly. Neither the rules nor records of the cemetery were produced; and the evidence was objected to by the plaintiff's counsel and an exception taken to its admis- sion.

In the course of the trial, the defendant's counsel asked of Mr. Newman the following questions upon cross-examination:

*Question.* Did you bring a suit in your own name in this court, before the assignment for the same matter and against the same defendant? Question objected to, admitted and an exception taken.

*Answer.* I did. That suit was partly tried. Latter part of this answer objected to, objection overruled and plaintiff's coun- sel excepted.

*Question.* What became of that suit? Same objection, same ruling and exception taken.

*Answer.* I withdrew it.

The cause having been submitted, judgment was rendered for the defendant, and the plaintiff appealed.

*Arnold H. Wagner*, for appellant, contended, among other things: 1. That the justice erred in allowing the counter-claim interposed by the defendant. It is well settled that a claim, to constitute a set-off or counter-claim, must exist in the defendant's own right, and cited the following cases: *Johnsons* v. *Bridge*, 6 Cow. 693; *Dulois* v. *Dubois*, 6 Cow. 494; *Wolfe* v. *Washburn*, 2 Cow. 262; *Prior* v. *Jacobs*, 1 Johns. Cas. 169. Admitting that the defendant's wife sold a lot to Newman, the claim which she may have arising out of that transaction cannot be used by the defendant to defeat a personal claim against him. 2. That the wife had no cause of action, in her own right or otherwise

against Newman for the price of the lot, for there was no evidence that she was its owner.

*William Silliman*, for respondent.

INGRAHAM, FIRST JUDGE.—This action is brought to recover from defendant the price of certain boots and shoes, sold by the plaintiff to defendant's wife and children. The answer denied the plaintiff's claim, and set up a counter-claim for a lot sold by the defendant's wife to plaintiff, in the Cypress Hills Cemetery.

The admission of the evidence as to the counter-claim was objected to by the plaintiff. He also attempted to show, that the lot in the cemetery was bought by him from Martin and not the defendant's wife.

There can be no doubt that, so far as the evidence was intended to establish the counter-claim, it was erroneously admitted.

The 150th section of the Code, allowing the counter-claim, requires that it must be in favor of the defendant and against the plaintiff. The claim attempted to be set up as a counter-claim was neither in favor of the defendant nor against the plaintiff. If it belonged to any of the parties or persons connected with them, it was the separate property of the defendant's wife, and was a claim which she, as such, could have enforced against Newman, without reference to her husband's debts.

But, although it could not be set up as a counter-claim, I think the evidence was admissible under the general denial of the plaintiff's complaint. The claim was for goods sold to the defendant's wife. The answer denied, generally, the plaintiff's claim.

Proof that the defendant's wife, before the goods were purchased, had delivered to Newman either money or property, for which she was to receive from him goods in payment, destroyed the plaintiff's cause of action, not by establishing a counter-claim, but by showing that the goods were delivered in payment of moneys owing by Newman to Mrs. Cox, and of course that no contract was ever made with Newman on behalf of the hus-

band (the defendant), or that he ever incurred any liability therefor.

There is proof of an admission, by Newman, that he had purchased from Mrs. Cox this share, and was to pay for it, one-half in cash and one-half in shoes, to Mrs. Cox. If this was so, then the sale was not to the defendant, but the shoes were delivered in payment of a previous indebtedness existing on his part to Mrs. Cox.

Under the very loose system of oral pleading allowed in these courts, we do not apply the strict rules of courts of record to them. If, by any reasonable construction, the testimony is admissible without doing injustice to the parties, we do not feel called upon to consider such an error fatal.

The question as to who sold Newman the certificate, whether Martin or Mrs. Cox, was a question of fact for the court below, depending on contradictory testimony, and with that decision we see no ground to interfere. There is abundant evidence to sustain the finding on this point.

Whether the transfer to Newman from Mrs. Cox was strictly legal or not, is immaterial. It answered the purpose intended, so that by its surrender the company gave to Newman a deed for the premises. It does not belong to the purchaser to set up that defence after he has received the value of it.

The testimony of a former suit was immaterial. So far as it was admitted, oral proof was admissible. It was proper to ask whether a suit had been brought and whether it was tried. If they had gone further and proved by parol what would have appeared by the pleadings, then it would be erroneous. But no such evidence was offered.

The objection to the substance of a conversation being given, and not the exact words of it, is not well taken. It is seldom that any witness can detail the precise words used, and where the witness cannot he is allowed to state the substance as near as he can.

There was not sufficient evidence to warrant the admission of a copy of the letter marked " D." The notice to produce it was

served on the plaintiff, while nothing shows that it was ever in his possession. On the contrary, the letter was addressed and sent to Mr. Newman and not the plaintiff. It was not the plaintiff's business to obtain testimony for the defendant which was not in his possession. The witness Newman should have been subpœnaed to produce the letter, and if he had lost or destroyed it, on proof of that fact, parol evidence of its contents was admissible, but not otherwise.

There is also some ground for objection to the rulings of the justice, as to allowing parol proof of the by-laws or regulations of the cemetery as to forfeiting shares not paid for—where such regulations are reduced to writing, they should be produced and not proved by the mere recollection of a witness. It is unnecessary, however, to examine the other objections as to testimony, because the judgment must be reversed, for the reasons above stated, as to the admission of parol proof of the contents of defendant's letter.

Judgment reversed.